UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00757-BR

| | |
|---|---|
| JAMES E. QUIRK,<br><br>        Plaintiff,<br>v.<br><br>DONALD W. STEPHENS, et al.,<br><br>        Defendants. | ORDER |

This matter is before the court on the motion to amend and supplement complaint filed by plaintiff James E. Quirk. (DE # 23.) Also before the court is the motion to dismiss filed by the Honorable Donald W. Stephens, North Carolina Superior Court Judge; the Honorable Paul Gessner, former North Carolina Superior Court Judge; the Honorable Kendra D. Hill, North Carolina Special Superior Court Judge; Kellie Z. Myers; Lisa Tucker; and Teresa B. Fuller (collectively "state judicial defendants"). (DE # 24.) No defendants filed a response to plaintiff's motion to amend and supplement the complaint. Plaintiff, however, filed a response in opposition to the motion to dismiss. (DE # 37.) In this posture, the issues raised are ripe for disposition.

## I.  FACTS

This action arises out of several state court proceedings initiated by plaintiff in North Carolina Superior Court, Wake County, which plaintiff claims the state court wrongfully dismissed. Plaintiff challenges various actions that were taken by state judicial defendants, who were at all relevant times to this action state superior court judges or state court administrators, during the prior state court proceedings.

The first state proceeding concerned an action filed by plaintiff on 16 January 2014, asserting a personal injury claim against Victor Sequera, Sr. (Compl., DE # 1, at 6 ¶ 1.) Plaintiff filed and gave notice of voluntary dismissal without prejudice on 18 August 2015. (Id. at 6 ¶ 5.) Plaintiff alleges that his voluntary entry of dismissal "clos[ed] that case file forever, and divest[ed] the [c]ourt of jurisdiction." (Id.) According to plaintiff, on 4 September 2015, Judge Stephens entered an order that "changed a case that was already dismissed without prejudice to a dismissal with prejudice." (Id. at 6 ¶ 8.) Plaintiff therefore claims that Judge Stephens, in dismissing this case, "altered court records" in a closed case and "entered an unauthorized judgment . . . when he had no jurisdiction" to do so. (Id.)

The second state proceeding concerned an action filed by plaintiff on 11 February 2015, asserting a personal injury claim against Victor Sequera, Jr. (Id. at 6 ¶ 3.) On 24 August 2015, plaintiff filed and gave notice of voluntary dismissal without prejudice, which he claims "clos[ed] that case file forever, and divest[ed] the [c]ourt of jurisdiction." (Id. at 6 ¶ 6.) Plaintiff alleges that the following day, on 25 August 2015, Judge Gessner entered an order that "changed a case that was already dismissed without prejudice to a dismissal with prejudice." (Id. at 6 ¶ 7.) He therefore claims that Judge Gessner, in dismissing his case, "altered court records" in a closed case and "entered an unauthorized judgment . . . when he had no jurisdiction" to do so. (Id.)

The third state proceeding concerned an action filed by plaintiff on 1 February 2016, asserting a personal injury claim against both Sequera, Sr. and Sequera, Jr. (Id. at 6 ¶ 9.) According to plaintiff, Judge Hill "(without cause) capriciously and arbitrarily removed all of plaintiff's motions from the calendar . . . , while simultaneously hearing defendants' 12(b)(6) motions to dismiss." (Id. at 7 ¶ 11.) After hearing the motions, Judge Hill dismissed plaintiff's

complaint pursuant to Rule 12(b)(6). (Id.) Plaintiff claims that Judge Hill wrongly dismissed his complaint based "on the two post hoc unlawful/illegal unauthorized judgment/orders in the two underlying cases" presided over by Judge Stephens and Judge Gessner. (Id.)

On 22 August 2016, plaintiff commenced this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. (DE # 1.) Plaintiff named the following state court officials, both in their individual and official capacities as defendants: Judge Stephens, Judge Gessner, Judge Hill, Myers, Tucker, and Fuller. (Id. at 1.) Plaintiff also named as defendants Sequera, Sr., Sequera, Jr., and two individuals who assisted in Sequera, Sr.'s legal defense. (Id.) Plaintiff asserts that by working in conjunction with Sequera, Sr. and Sequera, Jr., state judicial defendants committed fraud when they denied, and conspired to deny, plaintiff of his constitutional rights to due process, equal protection, and access to the courts in violation of § 1983. (Id. at 3.) Plaintiff seeks declaratory and injunctive relief and monetary damages on his claims. (Id. at 8.)

The other named defendants filed answers to plaintiff's complaint on 16 September 2016. (DE ## 15, 17, 18, 21.) On 26 September 2016, plaintiff filed a motion to amend and supplement the complaint pursuant to Federal Rule of Civil Procedure 15. (DE # 23.) State judicial defendants subsequently moved for dismissal of the complaint on 17 October 2016. (DE # 24.)

## II. ANALYSIS

### A. Motion to Amend and Supplement Complaint

Plaintiff first seeks leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a), so that he can add former Governor McCrory as an additional defendant. (Pl.'s Mem. Supp. Mot. Am., DE # 23-1, at 1.) Based upon a review of the proposed amended

3

complaint, (DE # 23-4), it appears that plaintiff seeks to name Governor McCrory as a defendant in both his individual and official capacities, and to assert a supervisory liability claim against him.

Pursuant to Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, a party may only amend a pleading by leave of the court or by written consent of the defendant. Fed. R. Civ. P. 15(a)(2). Where a party does not assert an entitlement to amend as of right, but instead asks the court for leave to amend, leave to amend should be freely given when justice so requires. Jonson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 124-25 (2d Cir. 2011) (citing Fed. R. Civ. P. 15(a)(2)). Notwithstanding this rule, a court can deny leave to amend when the amendment would be futile. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

An amendment is futile where it would fail to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. Wolfenden v. Long, No. 5:09-CV-00536-BR, 2010 WL 2998804, at *7 (E.D.N.C. July 26, 2010) (citing Syngenta Crop Prot. v. United States EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the court must construe *pro se* complaints liberally, Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006), the allegations in the complaint must be enough to raise the right to relief above the speculative level, Twombly, 550 U.S. at 555. However, "the Fourth Circuit has held that '[l]eave to amend . . . should only be denied on the ground of futility

when the proposed amendment is clearly insufficient or frivolous on its face.'" Wolfenden, 2010 WL 2998804, at *7 (alteration in original) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)).

It is apparent in reading the proposed amended complaint and plaintiff's memorandum in support of his motion to amend that plaintiff seeks to add Governor McCrory as a defendant based upon his supervisory role. (Am. Compl., DE # 23-4, ¶ 17; Pl.'s Mem. Supp. Mot. Am., DE # 23-1, at 3.) Plaintiff argues that Governor McCrory is liable for the actions of state judicial defendants under the doctrine of "respondent [sic] superior." (Pl.'s Mem. Supp. Mot. Am., DE # 23-1, at 3.) A § 1983 claim for supervisory liability, however, cannot rest on the doctrine of *respondeat superior*. See Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (recognizing that the doctrine of *respondeat superior* is inapplicable to suits brought pursuant to § 1983). Supervisory "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, 550 F.2d at 928. A supervisory official may be held liable under § 1983 if a subordinate acts pursuant to an official policy or custom. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Likewise, a supervisory official may be held liable for constitutional injuries inflicted by his subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id.

In his proposed amended complaint, plaintiff alleges that on the day he initiated the present suit, "[he] wrote Governor McCrory regarding the constitutional transgressions mentioned [in his original complaint], and he chose not to do his statutory duty with respect to correcting the complained of constitutional transgressions." (Am. Compl., DE # 23-4, ¶ 17.) Although plaintiff claims that Governor McCrory facilitated the violation of his constitutional rights by failing to act in response to his letter, plaintiff does not allege that Governor McCrory received the letter or that Governor McCrory had actual knowledge of the deprivation of plaintiff's rights. See Bullock v. Horn, No. 3CV991402, 2000 WL 1839171, at *5 (M.D. Penn. Oct. 31, 2000) (dismissing plaintiff's complaint where he alleged that he had sent two grievance letters to defendants because he had failed to allege particular facts which indicated that each defendant directly participated in, or knew of and acquiesced in, the unconstitutional conduct). Moreover, plaintiff has made no allegation that he sustained a constitutional deprivation as a result of an official policy or custom. See Stevens v. Sheeley, No. 5:13CV18, 2013 WL 5744782, at *2 (N.D. W. Va. Oct. 23, 2013) (dismissing plaintiff's supervisory claim against the governor and a local administrator because "plaintiff did not make any allegations that would supporting a finding that the complained-of conditions were the result of an official policy or custom"). Because the allegations in the proposed amended complaint are insufficient to plead a supervisory liability claim, amendment of the complaint to include Governor McCrory as a defendant would be futile. Accordingly, plaintiff's motion to amend the complaint will be denied.

Plaintiff also seeks leave to supplement his complaint, pursuant to Federal Rule of Civil Procedure 15(d), to include factual allegations and a cause of action related to state judicial defendants' conduct after the filing of the original complaint. (Pl.'s Mem. Supp. Mot. Am., DE

# 23-1, at 2.) Rule 15(d) allows a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Where a plaintiff seeks to supplement a pleading to add related claims against the same defendants, the analysis under Rule 15(a) and Rule 15(d) is the same. See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002) ("[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical."). In either situation, leave should be freely granted, and should be denied only on the grounds of prejudice, bad faith, or futility. Laber, 438 F.3d at 426-27.

Plaintiff's proposed cause of action stems from state judicial defendants' alleged retaliatory conduct after he filed his original complaint. He alleges that state judicial defendants retaliated against him for initiating this action by refusing to calendar his motions or to set a trial or a status conference in his state court action against Sequera, Jr. and Sequera, Sr. (Am. Compl., DE # 23-4, at 7 ¶¶ 19-20.) Plaintiff's retaliation claim is premised on his assertion that he is entitled to proceed against Sequera, Jr. and Sequera, Sr. in state court because Judge Hill wrongly dismissed his complaint based on the unauthorized judgments issued by Judge Stephens and Judge Gessner.

In his proposed amended complaint, plaintiff acknowledges that Judge Hill's Rule 12(b)(6) dismissal determined that he had failed to set forth sufficient facts for his claims against Sequera, Jr. and Sequera, Sr. to go forward in state court. (Am. Compl., DE # 23-4, at 7 ¶ 12.) Under the Rooker-Feldman doctrine, federal district courts are barred from hearing "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Rooker–Feldman bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "'inextricably intertwined' with questions ruled on by a state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). In this case, the harms alleged by plaintiff—his inability to continue to file motions and set a trial date in his state court action—are the direct result of Judge Hill's Rule 12(b)(6) dismissal. Consideration of plaintiff's retaliation claim would therefore require this court to review the validity of the challenged state court order, which is exactly what the Rooker-Feldman doctrine prohibits. See Hill v. West, 657 S.E.2d 698, 701 (N.C. Ct. App. 2008) (noting that unless otherwise specified, a dismissal pursuant to Rule 12(b)(6) constitutes a final judgment on the merits). Because the Rooker-Feldman doctrine precludes this court from exercising jurisdiction over plaintiff's proposed retaliation claim, plaintiff's motion to supplement the complaint will be denied.

**B. Motion to Dismiss**

State judicial defendants move to dismiss this action on the grounds that the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1), lacks personal jurisdiction due to plaintiff's failure to properly serve defendants pursuant to Rule 12(b)(2) and Rule 12(b)(5), and for failure to state a claim pursuant to Rule 12(b)(6). (Defs.' Mem. Supp. Mot. Dism., DE # 25, at 4.) Because the court finds the issue of subject matter jurisdiction dispositive, the court does not address state judicial defendants' alternative arguments.

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). When a defendant challenges subject matter jurisdiction, "the district

8

court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

For the same reasons that plaintiff's proposed supplemental claims were futile, state judicial defendants' motion to dismiss is well taken. State judicial defendants argue that this court lacks subject matter jurisdiction over plaintiff's claims because plaintiff is effectively seeking "to review and overturn the orders entered by Judge Stephens, Judge Gessner, and Judge Hill against [him] in the underlying [s]tate civil court proceedings," which is prohibited by the Rooker-Feldman doctrine. (Defs.' Mem. Supp. Mot. Dism., DE # 25, at 7-10.) As previously noted, the Rooker-Feldman doctrine is a jurisdictional rule that prohibits federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. This jurisdictional rule extends to constitutional claims that are "'inextricably intertwined' with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of

9

Va., 122 F.3d 192, 202 (4th Cir. 1997) (alteration in original) (citation and internal quotation marks omitted).

Plaintiff devotes the majority of his complaint to his contention that he was denied his constitutional right of access to the courts when the state court "alter[ed] court documents" and entered "unauthorized judgments/orders" against him when it had no jurisdiction to do so. (Compl., DE # 1, at 4, ¶ 1-4, 7-8, 11.) Even assuming plaintiff is correct that the state court lacked jurisdiction when it entered these allegedly unauthorized judgments against him, federal courts have routinely applied the Rooker-Feldman doctrine where a plaintiff complains in federal court that the state court acted without jurisdiction. See Reguli v. Guffee, 371 F. App'x 590, 597 (6th Cir. 2010) ("Even if issued without jurisdiction, the order was still issued by a state court, and *Rooker-Feldman* bars a federal court from reviewing the constitutionality of that order."); Doe v. Mann, 415 F.3d 1038, 1042 (9th Cir. 2005) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment."). Moreover, these allegations are largely focused on the validity of the rulings and decisions issued by the state court and fail to assert an "independent claim" that would bring the case within the court's subject matter jurisdiction. See Exxon Mobil, 544 U.S. at 293. Because plaintiff's allegations are effectively a challenge to the state court's judgments, they may not be entertained by this court.

Plaintiff's complaint also alleges violations of his constitutional rights to due process and equal protection based on fraudulent acts taken by state judicial defendants, which directly resulted in the "unauthorized judgments" that he claims caused him harm. He seeks declaratory relief affirming his argument that state judicial defendants' acts were "unlawful and unconstitutional," and injunctive relief "to ensure that the effects of the unconstitutional and

unlawful acts and practices are eliminated." (Compl., DE # 1, at 8.) To the extent plaintiff seeks redress for the alleged fraudulent acts of state judicial defendants, such relief is inextricably intertwined with the state court's orders of dismissal because it would require the court to find that the state court acted wrongly decided the issues before it. See Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (holding the Rooker-Feldman doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void"); Sookma v. Millar, 151 F. App'x 299, 300-01 (5th Cir. 2005) (finding that the Rooker-Feldman barred plaintiff's claim that state judges and her state court opponents conspired to deprive her of civil rights when she sought to enjoin enforcement of a state divorce decree). The Rooker-Feldman doctrine prohibits this court from assessing the conclusions of law made by the state court. Accordingly, state judicial defendants' motion to dismiss for lack of subject matter jurisdiction must be granted.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend and supplement the complaint, (DE # 23), is DENIED. State judicial defendants' motion to dismiss, (DE # 24), is GRANTED, and those defendants are DISMSSED from this action.

This 2 June 2017.

                                                       _____
                                                       W. Earl Britt
                                                       Senior U.S. District Judge